THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY *et al.* v. J. K. LEUNING *et al.*

RAILROAD COMPANY—*Construction of Railroad in Street—Damages to Abutters.* A railroad company constructed its road across First street in the city of Wellington, a city of the second class. First street intersected Washington avenue, upon which a lot owner's house fronted. Partly on account of the construction of the railroad on First street across Washington avenue, and partly for the purpose of enabling a street railway to lay its tracks over Washington avenue and across the railroad on First street, the surface or grade of Washington avenue was slightly lowered or changed by the railroad company, with the consent and under the direction of the city authorities. This change of grade did not completely obstruct or materially destroy the ingress to or egress from the lots fronting on the avenue. *Held,* That the owner of the lots was not entitled to recover damages from the railroad company on account of such change of grade of the avenue.

*Error from Sumner District Court.*

ACTION by *Luening* and another against the *Railroad Company* and another to recover damages for obstructing a street. Judgment for the plaintiffs, at the January term, 1890. The defendants bring the case here. The opinion states the facts.

*A. A. Hurd, Robert Dunlap,* and *O. J. Wood,* for plaintiffs in error.

*John A. Murray,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: J. K. Luening and Hermine Bolte alleged in their petition that they were the owners and in the possession of lots 20, 21, and 22, in block 1, L. K. Myer's first addition to the city of Wellington, in this state; that the lots are situated on the northwest corner of the block, and bounded on the west by Washington avenue, and on the north by First street; that there is a public alley or road on the east side of the lots, extending through block 1 and in-

tersecting First street; that on the lots are a dwelling house, barn, outbuildings, and fruit and other trees, of the value of $2,000; that the house fronts toward the west, on Washington avenue; that, in the summer of 1887, the Atchison, Topeka & Santa Fé Railroad Company and the Southern Kansas Railway Company entered upon First street and Washington avenue, and, with excavations, embankments, railroad tracks, switches, and train yards, obstructed the ingress to and egress from the lots and alley through and over the streets named. Evidence was offered by plaintiffs below upon the trial in support of a part of the allegations of the petition. The trial court gave, among others, the following instruction:

"If you find that the defendants, at the time of the other acts complained of, excavated Washington avenue in front of said plaintiffs' property so as to change it from its former grade, and thus injure plaintiffs' ingress and egress to and from their property, this would also be an element of damage which you may consider, and it would make no difference whether or not consent for such change was given by the mayor or street commissioner or city engineer."

The jury specially found that the railroads did not run on Washington avenue in front of the lots of the plaintiffs below, and that the only obstruction upon Washington avenue was caused by an excavation. It appears that there was evidence before the jury that Washington avenue, at its intersection with First street, was cut down a depth of three feet, and graded gradually so that at the south line of lot 20 the grade was about a foot in depth; that the avenue was graded its full width; that this was done at the direction of the authorities of the city; that the grade was established by the city engineer, and was for the purpose of enabling a street railway to lay its tracks across First street and over Washington avenue. While it appears that the change of grade of Washington avenue in front of the lots was partly necessary on account of the construction of the railroads on First street, and partly for the purpose of a street railway, yet it nowhere appears that such change of grade of the street completely or

materially obstructed the ingress to or egress from the lots. John D. Bradley, a witness called on behalf of plaintiffs below, testified:

"Ques. The ingress and egress to that property from the west or from Washington avenue is not impaired any? Ans. It is steep; yes, sir.

"Q. How? A. There is occasion for steps there in front.

"Q. Two little steps in front going up on to the lawn? A. Yes, sir.

"Q. Can't people get to and from that house on the west to Washington avenue just the same as they could before the building of the railroad on First street? A. On the sidewalk; yes, sir.

"Q. They can have ingress and egress now just as they could before? A. Yes, sir; except the steps.

"Q. The railroad company do n't occupy Washington avenue in front of the property? A. No, sir.

"Q. I will ask you if it is not a matter of fact that this grade was not cut down on Washington avenue for the purpose of bringing the street down on a level with the railroad, so that the street railway could cross the railroad? A. My recollection is, that at the time they were working there something was said in relation to that.

"Q. Do you know, as a matter of fact, why that grade was made there? Answer yes or no. A. Yes, sir; I know.

"Q. I will ask you to state if it is not a fact that those approaches of the railroad company from Washington avenue south of the track were not made for the purpose of lowering the street so the street railway could cross the track of the railroad company? A. Yes, sir."

Upon all the evidence disclosed upon the trial, the instruction was misleading and erroneous. The jury were permitted thereby to allow damages for any injury or inconvenience of ingress to or egress from the lots on Washington avenue, even if the injury or inconvenience were the result only of an excavation or grading of the avenue, made under the direction of the city authorities. This identical question has been decided by this court many times, and it is only necessary to refer to the decisions. (*M. E. Church v. City of Wyandotte*, 31 Kas. 721; *Rapid Transit Rly. Co. v. Early*, 46 id. 197; *K.*

*N. & D. Rly. Co. v. Mahler,* 45 id. 565; *W. & C. Rly. Co. v. Smith,* 45 id. 264; *C. K. & W. Rld. Co. v. Investment Co.,* 51 id. 600; *O. O. C. & C. G. Rld. Co. v. Peterson,* 51 id. 604; *A. T. & S. F. Rld. Co. v. Arnold,* just decided.)

We are referred to *Egbert v. Railway Co.,* 33 N. E. Rep. (Ind.) 659. That case is not applicable, because, in that case, the fee of the street was in the lot owner. Washington avenue was originally dedicated from the land belonging to the occupants of the town site of Wellington. In this state, the fee of all real estate, when dedicated to public use by the proprietors of any town or city, vests absolutely in the county wherein such real estate lies, and the county forever afterward holds the property in trust for such use. The county holds the property as a mere agent of the public, and in trust for the public use. But the city has the control over it as another agent of the public. (*Railroad Co. v. Garside,* 10 Kas. 552; *Showalter v. Railway Co.,* 49 id. 421.)

If the only question in this case were as to the obstruction of access to the lots from First street and the alley in the rear of the lots, then, as the defendants below claimed upon the trial that they permanently occupied what was formerly First street, or a large part thereof, under an ordinance vacating the street and permitting them to use the same, and if the damages found by the jury embraced only those resulting from the obstruction of all ingress and egress from and to First street and the alley, an affirmance of the judgment might be ordered; but the damages included in the verdict are not separable by any of the special findings of the jury, and as the court instructed the jury that they might include in the verdict an improper element of damage for any injuries of ingress and egress to and from the lots by the excavation or grading of Washington avenue, the judgment must be reversed and the cause remanded.

All the Justices concurring.