Philip E. Winter Lyon County Counselor Lyon County Courthouse Emporia, Kansas 66801
Dear Mr. Winter:
As Lyon county counselor you ask our opinion regarding vacation of roads. You inform us that there are two areas in Lyon county which the county commission is considering vacating, one involves roads and a park in Miller, Kansas, which either was an incorporated area but has had no city government for more than 10 years, or was never incorporated, the other involves roads in Plymouth, Kansas, which is a platted area but has never been incorporated.
Specifically, you ask:
 "1. Should the streets and alleys be vacated under K.S.A. 58-2613 or K.S.A. 68-102? Lyon county is a county unit system as far as county roads are concerned and therefore, the roads would be county roads.
 "2. If they are to be vacated under K.S.A. 58-2613, may the Board of County Commissioners file a petition with themselves under K.S.A. 58-2613 or must only adjoining landowners file this petition?
 "3. The same question is asked concerning the park which is in Miller, although it would seem that no justification would lie under K.S.A. 68-102 for vacating the park, and would the commission have authority under K.S.A. 58-2613 for such vacation for a park?"
K.S.A 68-102 authorizes a board of county commissioners to vacate any county road upon presentation of a petition signed by at least twelve householders of the county residing in the vicinity where said road is to be vacated, or without petition, in a county having a population between 1,200 and 90,000 inhabitants, if said road is no longer a public utility. Furthermore, K.S.A. 68-102a in pertinent part provides:
 "Before any road is vacated without the presentation of a petition for vacation, the county clerk shall give notice of the proposed vacation by publication once in the official county newspaper and by sending notice by certified mail to each owner of property adjoining the road, at the address where the owner's tax statement is sent. The notice shall set forth a description of the road proposed to be vacated."
The board of county commissioners may vacate roads without the presentation of a petition in accordance with the above statute. However, these statutes are inapplicable to a park that the county is contemplating vacating.
We are not provided with sufficient information on this particular park to answer your third question. We require facts such as whether this park is established and maintained according to K.S.A. 19-2801, whether it has been dedicated as a public park in accordance with statute or by common-law dedication, and whether the plat to the land was approved, recorded and filed pursuant to the applicable statutes. Depending on the answers to the above questions, the following statutes may apply: K.S.A.12-406 (maps and plats sufficient to vest title of lands conveyed for public use in city); 12-406a (fees to certain land held by county transferred to city); 12-504, 12-505, 12-506 (proceedings for petition for vacation of site); 12-512b (vacation of plats and other public reservations); K.S.A. 58-2613 (vacation of certain plats).
Generally, counties have powers to "purchase and hold real and personal estate for the use of the county, . . ., to sell and convey any real or personal estate owned by the county, and make such order respecting the same as may be deemed conducive to the interest of the inhabitants" and "to make all contracts and do all other acts in relation to the property and concerns of the county, necessary to the exercise of its corporate or administrative powers." K.S.A. 19-101. However, the courts have stated that when real estate is dedicated to public use and a plat is properly certified, filed and recorded, the county holds the property as a mere agent of the public, and in trust for the public use, therefore, those rights, duties and privileges are not ordinarily lost through nonuse, laches, estoppel or adverse possession. Douglas County v. City ofLawrence, 102 Kan. 656, 659 (1918); Cooper v. City of Great Bend,200 Kan. 590, 596 (1968).
Additionally, please see Attorney General Opinion No. 88-109 regarding the issue of assessment and taxation of platted parcels of land which have been dedicated for public use, but which cease to be used for such purpose.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas