No. 38,993

ANNA DEVINE, HUBERT DEVINE and RAY S. SCHULZ, *Appellants*, v. THE CITY OF SEWARD, KANSAS, a municipal corporation; WILLIAM LANG, Mayor; RUSSELL KEENAN, Councilman; WILLIAM WOODWARD, Councilman; ROBERT FUQUA, Councilman; FRANCIS KEENAN, Councilman; CHARLES B. LEE, Councilman, *Appellees*.

(258 P. 2d 302)

Opinion filed June 6, 1953.

*Ray S. Schulz*, of Great Bend, argued the cause, and *Harry K. Allen*, of Topeka, was with him on the briefs for the appellants.

*Evart Garvin*, of St. John, argued the cause, and *Robert Garvin* and *Morris Garvin*, both of St. John, were with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiff commenced an action against the defendant city and the members of its governing body for interlocutory relief

and for a permanent injunction to enjoin the city from opening a dedicated street. A demurrer to the petition having been sustained, the plaintiffs appeal.

In order that the allegations of the petition might be more readily understood, the plaintiffs have furnished a copy of the plat of the defendant city, and from it we note the following: All east and west streets are numbered, First Street being the southernmost and Eighth Street being the northernmost. North and south streets bear names. Hayes Street is located one block west of Main Street. Running west from Main Street between First and Second Streets are Blocks 46, 45, 44 and 43, and between Second and Third Streets are Blocks 39, 40, 41 and 42, and between Third and Fourth Streets are Blocks 32, 31, 30 and 29.

In their petition, plaintiffs, after setting forth the status of the parties plaintiff and defendant, allege that plaintiff Devine is the owner of and has been in possession for more than twenty years of all of Blocks 39, 40, 41 and 42 in the city; that it is a cultivated tract with improvements facing on Main Street; that the tract is used as a unit for agricultural purposes and that no streets crossing the tract or running parallel thereto have ever been opened, improved or used by the public since the land was platted; and that plaintiff Schulz and his predecessors in title have been in possession for more than twenty years of all of Blocks 46, 45, 44 and 43; that the tract has been used as a unit for agricultural purposes and that no streets across or parallel to it have ever been opened or improved since the land was platted; that the land is valuable only for agricultural purposes and he will be damaged if the tract is divided into blocks. Plaintiffs then allege that the city had plans to open Hayes Street between First and Fourth Streets a distance of three blocks and seventy feet wide (plat shows street dedicated is seventy feet wide) for the purpose of draining Block 32 and Block 31, and had entered into a contract with Stafford County to do the grading, ditching and leveling in connection with opening the street; that the opening of the street was not for the benefit of the city or the inhabitants thereof; that no one would use the street and that the opening was not necessary or expedient, nor was the street being opened for the purpose for which it was dedicated. Plaintiffs further alleged that the city had not complied with G. S. 1951 Supp. 15-427, in that damages had not been arranged for nor notice given, nor by ordinance passed and filed in the office of the clerk of Stafford County,

and that if the city did comply with the statute said act or acts were beyond the knowledge of plaintiffs. After making some allegations as to the use of the property, plaintiffs allege that the above statute is unconstitutional for the reason it provides for the taking of property without due process of law. Plaintiffs further allege that all acts of the city in connection with the opening of Hayes Street are unlawful and against public policy and are in fact detrimental to public necessity and expediency, and if the city is not enjoined that plaintiffs will suffer great and irreparable damage, are without adequate remedy at law and are without remedy except through injunctive processes of the court. Their prayer was for interlocutory relief and for a permanent injunction. A restraining order was issued.

The defendants demurred to the petition for the reason it did not state facts sufficient to constitute a cause of action. On the hearing thereof on October 17, 1952, the trial court sustained the demurrer and set aside the restraining order. In due time the plaintiffs perfected their appeal to this court.

In a preliminary way we note a statement contained in appellees' brief that after the trial court ruled on the demurrer the city graded and ditched the street described in the appellants' petition; that all questions presented are now moot and the appeal should be dismissed. No denial has been made by the appellants and perhaps the appeal should be dismissed. However, we shall note appellants' complaints briefly.

The gist of appellants' argument is that the city does not own the street, the title being vested in the county not for the benefit of the county and city merely but also for the benefit of the traveling public (*Gould v. City of Topeka,* 32 Kan. 485, 4 Pac. 822) and directing attention to textbook authority and decisions from other jurisdictions they argue that a city cannot open a street for the sole purpose of providing drainage; that it was necessary the city give notice to abutting property owners before opening a street, citing *City of Belleville v. Hallowell,* 41 Kan. 192, 21 Pac. 105, quoting a portion of the entire quotation later set forth herein. Directing attention to G. S. 1951 Supp. 15-427, which provides that the city shall have power to "open, widen, extend or otherwise improve any street" or to "create, open and improve any new street" "whenever deemed necessary or expedient" and two provisos therein for ascertaining of damages and for filing a copy of the ordinance in the

office of the county clerk and in the office of the register of deeds, appellants contend that the abutting property owners had certain rights and interests for which compensation must be allowed and that the city had failed to provide therefor, and that it is inequitable to open the street to provide drainage and thus ruin the properties of appellants which have been used for agricultural purposes for over sixty years.

We need not pursue at length appellees' argument that the streets having been dedicated many years ago, appellants' encroachment thereon for a private purpose constituted a purpresture and a nuisance in law which the governing body may prevent, and that when such body determines the encroachment should be removed the court should not review the prudence of that determination unless it is charged and shown to have been arbitrary, capricious or not made in good faith, citing *City of Emporia v. Humphrey,* 132 Kan. 682, 297 Pac. 712, and *City of Russell v. Russell County B. & L. Assn.,* 154 Kan. 154, 118 P. 2d 121. Appellees also direct attention to the fact that the street being graded and ditched is seventy feet wide, as platted, that no land is being acquired for the street itself or to widen it as it was platted, and contend that that portion of G. S. 1951 Supp. 15-427 providing for compensation has no application.

The question of ownership, use and control of dedicated streets, and adverse possession with respect thereto was treated by this court in *Douglas County v. City of Lawrence,* 102 Kan. 656, 171 Pac. 610, where it was held:

"When the founders of a city or town execute, file, and record the plat of the property devoted by them to town-site purposes, the fee title of the levees, streets, alleys, parks, and the like vests in the county forever, in trust for the public, by operation of law.

"The lawful possession, dominion, and control of all levees, streets, and the like, dedicated to the public by the founders of a town site, are vested in the city by operation of law.

"Those rights, duties, and privileges conferred and imposed upon a municipal corporation exclusively for the public benefit cannot ordinarily be lost through nonuse, laches, estoppel, or adverse possession, and statutes of limitation are not ordinarily applicable thereto." (Syl. ¶¶ 1, 2, 4.)

The above case has been repeatedly followed. And see *Miller-Carey Drilling Co. v. Shaffer,* 144 Kan. 508, 514, 61 P. 2d 1320, for citation of many of our decisions.

Under the rules stated above it is clear that the streets having been dedicated, title thereto was in the county and possession, do-

minion and control were in the city, and that no person, including the owners of abutting lands acquired any rights because the city did not improve the street by grading and ditching it prior to its present action. Insofar as compliance with G. S. 1951 Supp. 15-427 is concerned, that is, that the city must have made provision for damages and for filing copy of an ordinance in the office of the county clerk and in the office of the register of deeds, we note that the first part of the statute giving the council (governing body) of the city power to open, widen or otherwise improve any street, and to ascertain damages, has, at least with respect to third class cities of which the defendant city is one, been the law of this state almost from statehood, and at one time appeared as Compiled Laws of 1885, chapter 19a, section 57. A controversy as to its effect arose in *City of Belleville v. Hallowell,* supra, reference being made to the opinion for the facts. There it was said that a contention of the city that its ordinance vacating a street was invalid because it did not prescribe for ascertaining damages, was not tenable. The court stated:

"The statute itself does not require this, and in the nature of things there does not seem to be any necessity for it in cases of this character. It may be that when the city wants to widen a street, or open one where none existed, or extend a street through land to which there has been no dedication, or where it attempts to exercise any other power granted by the section that involves the taking of private property for the public use, it must, at least contemporaneously with the ordinance declaring the purpose, provide a method for the ascertaining and payment of compensation to the landowner." (1. c. 198.)

While not expressly stated, the only inference to be drawn is that if the city is grading and ditching a dedicated street there is no taking of private property for public use and therefore no occasion for ascertainment of damages.

The allegations of plaintiffs' petition disclose that the street being opened is a dedicated street and that the city, in grading and ditching it, is exercising its possession, dominion and control; that there is no charge that the action of the governing board is arbitrary, capricious or not in good faith; that plaintiffs assert a claim of adverse use and possession which is legally insufficient, and that the trial court did not err in sustaining the defendants' demurrer to the petition.

The ruling and judgment of the trial court is affirmed.