728 P.2d 778

Sharon A. CARSON, Plaintiff-Respondent,

v.

Edward Gregory ELLIOTT and Sally Elizabeth Elliott, husband and wife, Defendants-Appellants.

No. 16088.

Court of Appeals of Idaho.

Dec. 2, 1986.

William M. Killen (Killen & Pittenger, P.A.), McCall, for defendants-appellants.

Frank T. Elam (Udell, Elam & Bliss), McCall, and James R. Gillespie and William A. Fuhrman (Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered), Boise, for plaintiff-respondent. No appearance on appeal.

BURNETT, Judge.

The sole question presented is whether an easement owner was entitled to remove a physical obstruction placed in the right-of-way by owners of the land. The district court answered this question in the affirmative. We agree.

The background facts are undisputed. The litigants own summer homes on adjacent properties along the shore of Payette Lake in Valley County. A single driveway provides access to both homes. The Elliotts own the land traversed by the driveway. Carson enjoys an easement to use

the driveway. The end of the driveway is circular.

Controversy erupted when the Elliotts built a raised garden in the "eye" of the circular area. Carson claimed that the garden interfered with access to her garage and with the turning of vehicles in the driveway. She hired a surveyor to establish the location of her easement. She then engaged a contractor to level the raised garden within the easement. Later she brought a quiet title action against the Elliotts, seeking to resolve numerous other property disputes not at issue here. The Elliotts counterclaimed, seeking compensatory and punitive damages for destruction of the garden. However, the district judge, following a bench trial, ruled in favor of Carson on the counterclaim. This appeal followed.

The rights of landowners concerning easements are well settled. Because an easement authorizes limited use of the subject property, the landowner is entitled to make other uses of the property that do not unreasonably interfere with enjoyment of the easement. R. CUNNINGHAM, W. STOEBUCK & D. WHITMAN, THE LAW OF PROPERTY § 8.9 (1984). As noted by the RESTATEMENT OF PROPERTY § 486 (1944): "The possessor of land subject to an easement created by conveyance is privileged to make such uses of the servient tenement as are not inconsistent with the provisions of the creating conveyance." *Accord Reynolds Irrigation District v. Sproat*, 69 Idaho 315, 333, 206 P.2d 774, 785 (1949). Conversely, the easement owner is entitled to full enjoyment of the easement. In the case of an access easement to a dwelling, such enjoyment includes not only a right of ingress and egress but also an implied right to turn vehicles around. Annotation, *Right of Way—Width*, 28 A.L.R.2d 253 (1953).

Whether a particular use by the landowner is an unreasonable interference with enjoyment of the easement is a question of fact. *Pasadena v. California-Michigan Land & Water Co.*, 17 Cal.2d 576, 110 P.2d 983 (1941); *Huff v. McClan-*

*nahan,* 89 N.M. 762, 557 P.2d 1111 (App. 1976), *cert. denied,* 90 N.M. 8, 558 P.2d 620 (1976); 25 AM.JUR.2d *Easements* § 89 (1966). We will not disturb a trial court's findings of fact unless they are clearly erroneous. I.R.C.P. 52(a).

■ Here, the trial court determined that the garden unduly obstructed Carson's enjoyment of the driveway. The record contains testimony that the operation of vehicles had been hindered by the garden. Carson's cars and a boat occasionally required the extra room in the circle's center to turn around. These vehicles sometimes struck the raised garden. The Elliotts have argued that such occasions were rare. Nevertheless, the evidence in support of the judge's finding of unreasonable interference is substantial. We find no clear error.

■ The Elliotts next contend that Carson was not entitled to destroy the garden. The easement owner has a right to remove obstructions unreasonably interfering with use of the easement, so long as there is no breach of the peace. *See generally* 3 R. POWELL, THE LAW OF REAL PROPERTY § 420 (Rohan rev. 1984). Although the Elliotts complain that Carson followed a "scorched earth" policy, they have pointed to no facts suggesting a breach of the peace. The garden was leveled within the confines of the easement. The record reflects no violence, or threat of violence, toward any person. Neither does it show any disturbance of public order or tranquility. The physical act of removing the obstruction does not, by itself, constitute a breach of the peace. 28 C.J.S. *Easements* § 96 (1941); *see, e.g., State ex rel Herman v. Cardon,* 544 P.2d 657 (Ariz. 1976) (removal of concrete curb blocking private drive). The Elliotts have cited no contrary authority. We uphold the district judge's determination that Carson incurred no liability by removing the garden obstruction from the driveway.

The judgment below is affirmed. Because the respondents did not enter an appearance in the appeal, we have no occasion to award costs or attorney fees.

WALTERS, C.J., and SWANSTROM, J., concur.