# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52003

| | |
|---|---|
| KIRSTEN MARIE ANDERSON, ) | |
| ) | Opinion Filed: July 17, 2025 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | |
| THE ESTATE OF DANIEL LEE ) | |
| GOFFMAN, Bonner County Case No. ) | |
| CV09-22-1611; RONALD A. GOFFMAN ) | |
| and MICHAEL GOFFMAN, Co-Personal ) | |
| Representatives, ) | |
| ) | |
| Defendants-Appellants. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County.  Hon. Lamont C. Berecz, District Judge.

Order granting motion for partial summary judgment, <u>affirmed</u>.

Finney, Finney & Finney, P.A.; Rex A. Finney, Sandpoint, for appellants.  Rex A. Finney argued.

DeFriez Law; Brian M. DeFriez, Caldwell, for respondent.  Brian M. DeFriez argued.

_____

HUSKEY, Judge

The Estate of Daniel Lee Goffman (the "Estate") appeals from the district court's order granting Kirsten Marie Anderson's motion for partial summary judgment.  The Estate argues the district court erred by holding that the quitclaim deed transferring the property from Anderson to Anderson and Goffman created a joint tenancy with a right of survivorship.  The district court's order granting Anderson's motion for partial summary judgment is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Anderson and Goffman were in a dating relationship that began in 2011.  In 2013, Anderson purchased a parcel of real property solely in her name.  In 2015, Anderson transferred

the real property to herself and Goffman as "joint tenants" via a quitclaim deed. Several years later, the parties temporarily separated. Goffman continued to reside at the property while Anderson did not; but Anderson returned to the property intermittently, kept her personal property at the residence, and continued to have her mail sent to the residence. On June 1, 2022, Anderson filed a lawsuit seeking partition of the property, claim and delivery, and a declaratory judgment. On October 11, 2022, Goffman passed away, and the Estate was substituted for Goffman in the lawsuit. Anderson then filed a motion for leave to amend her pleadings to assert a cause of action for quiet title. The Estate stipulated to allow Anderson to amend her pleadings.

Anderson amended her complaint to add a claim for quiet title and filed a motion for partial summary judgment, wherein she argued that the quitclaim deed created a joint tenancy with a right of survivorship ("joint tenancy"). In response, the Estate filed an objection to the motion for partial summary judgment, arguing that the tenancy between Anderson and Goffman was not a joint tenancy, and instead, should be considered a tenancy in common. The district court held a hearing on the motion and then issued its written memorandum decision. The district court granted Anderson's motion for partial summary judgment, finding that the quitclaim deed from Anderson to Anderson and Goffman created a joint tenancy with a right of survivorship. As a result, the district court held that the title to the property fully vested in Anderson. The Estate appeals.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

The Estate argues the district court erred in granting Anderson's motion for partial summary judgment because the quitclaim deed did not create a joint tenancy with right of

survivorship.  Anderson argues that the district court correctly determined that the deed created a joint tenancy, which necessarily includes a right of survivorship.

The relevant statutes are Idaho Code §§ 55-508 and 55-104, enacted in 1864 and 1887, respectively.  At the time of the statutes' enactment, the common law presumption for concurrent ownership in land (and the predominant form of concurrent ownership) was a joint tenancy.  *United States v. Craft*, 535 U.S. 274, 280 (2002); *In re Cooke's Estate*, 96 Idaho 48, 56, 524 P.2d 176, 184 (1973).  Because of the potential injustice to creditors and other considerations, Idaho, along with a majority of the states, enacted statutes to disavow the common law presumption of joint tenancy by statutorily designating the presumption of concurrent ownership to be a tenancy in common, rather than a joint tenancy.  Idaho Code § 55-508 provides:  "Every interest in real estate granted or devised to two (2) or more persons, other than executors or trustees, as such constitutes a tenancy in common, unless expressly declared in the grant or devise to be otherwise."  Idaho Code § 55-104 provides:  "Every interest created in favor of several persons in their own right is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, or unless acquired as community property."

The district court reasoned that Idaho has "overridden the common law" in the area of concurrent ownership in property by statutorily defining the presumptive type of concurrent ownership rather than relying on the common law presumption.  The court concluded I.C. §§ 55-508 and 55-104 provide that, where the deed does not explicitly designate the concurrent ownership as a joint tenancy, the default is that the property is held as a tenancy in common.  The district court explained that the converse is also true; if the language in the deed creates a joint tenancy, the default is overcome and the language of the deed controls.  Based on that analysis, the district court found the parties created a joint tenancy, rather than a tenancy in common, because the quitclaim deed contained the language "as joint tenants."  The district court stated that it did not need to look to the common law and "wade back into the ill-fitted straitjacket of the four unities," because the relevant statutes controlled the analysis.  The district court held that because the deed was unambiguous, the only reasonable conclusion was that a joint tenancy was created instead of a tenancy in common.  Alternatively, the district court found that the four unities of joint tenancy were satisfied when the deed was created and were not severed when Anderson moved out of the residence.

3

The Estate argues the district court abused its discretion by holding that Idaho's statutes overruled the common law requirement that the four unities be met to create a joint tenancy. Anderson responds that analyzing the common law concept of the four unities is unnecessary because, under the "modern" approach, the issue of concurrent property ownership is governed by the relevant statutes.

Statutes are construed under the assumption that the legislature was aware of all other statutes and legal precedent at the time the statute was passed. *Pioneer Irr. Dist. v. City of Caldwell*, 153 Idaho 593, 600, 288 P.3d 810, 817 (2012). We will presume that the legislature did not intend to modify the common law "unless the language of the statute clearly indicates the legislature's intent to do so." *Easterling v. HAL Pac. Props., L.P.*, 171 Idaho 500, 511, 522 P.3d 1258, 1269 (2023) (quoting *Thomson v. City of Lewiston*, 137 Idaho 473, 478, 50 P.3d 488, 493 (2002)). Thus, "[w]here the clear implication of a legislative act is to change the common law rule [the Court] recognize[s] the modification because the legislature has the power to abrogate the common law." *McCann v. McCann*, 152 Idaho 809, 818, 275 P.3d 824, 833 (2012). Although the rules of common law are not to be changed by "doubtful" implication, if the implication is "obvious" it "cannot be ignored." *Id.*

The Estate relies on *Ogilvie v. Idaho Bank & Trust Co.*, 99 Idaho 361, 367, 582 P.2d 215, 221 (1978), in support of its argument that the district court erred by looking to the statutes rather than the common law concept of the four unities in determining whether a joint tenancy had been created. However, in *Ogilvie*, the Court took no issue with the way in which the joint tenancy between Ogilvie and her son was created, which was by Ogilvie having stock certificates reissued to herself and her son as: "L. KATHARINE OGILVIE & RICHARD R. OGILVIE, JT. TEN." *Id*. at 362, 582 P.2d at 216. Instead, the *Ogilvie* Court examined how a joint tenancy could be *severed*, not how it could be *created*. *Id*. at 366-67, 582 P.2d at 220-21. The Court stated a joint tenancy may be terminated by "any act of the joint tenants which destroys one or more of the essential common law unities of interest, title, time and possession." *Id.* at 366, 582 P.2d at 220. The Court recognized that Idaho continues to acknowledge joint tenancies between two persons as a valid and enforceable means of concurrent ownership of property. *Id*. Because the issue in *Ogilvie* did not address either of the relevant statutes or the creation of a joint tenancy, we do not find it particularly instructive in this case.

4

However, in *In re Cooke's Estate*, the Court examined whether a joint tenancy was created in real property where the warranty deed conveyed the property to "Nelson H. Cooke and Vera Darlene Cooke, husband and wife." *In re Cooke's Estate*, 96 Idaho at 51, 524 P.2d at 179. After the deed had been signed by the grantors and delivered, Nelson interlineated the words "with sole ownership to the survivor" after the words "husband and wife" appearing in the deed. *Id*. According to the real estate broker who handled the sale, Nelson made it very clear that, in case of his death, he wanted the property to go to Vera by right of survivorship. *Id*.

Nelson subsequently died and devised and bequeathed all his property to Vera. *Id*. at 50, 524 P.2d at 178. Nelson's children by a former marriage claimed to be pretermitted heirs, and that the real property was Nelson's separate property, entitling them to two-thirds of the estate. *Id*. at 51-52, 524 P.2d at 179-80. Vera argued the property was held in joint tenancy, and therefore, she was entitled to it as the surviving tenant. *Id*. The trial court reasoned that, although the property was purchased with funds from a joint tenancy bank account, the property was held as a tenancy in common. *Id*. at 52, 524 P.2d at 180. The trial court held the language of the conveying deed was controlling and it did not create a joint tenancy because the language in the deed at the time of transfer did not contain any language indicating the property was to be held by Nelson and Vera as joint tenants. *Id*. The trial court also held that Nelson could not unilaterally alter the form of that deed after conveyance by interlineating the words "with sole ownership to the survivor." *Id*. Vera appealed.

In analyzing whether the property was held as a joint tenancy, the Idaho Supreme Court did not mention and did not analyze the four unities as a requirement to create a joint tenancy, and instead only focused on the statutory language. *In re Cooke's Estate*, 96 Idaho at 56, 524 P.2d at 184. The Court noted the common law presumption of joint tenancy but cited I.C. §§ 55-508 and 55-104 to conclude that Idaho had enacted statutes that favored tenancies in common over joint tenancies. *In re Cooke's Estate*, 96 Idaho at 56, 524 P.2d at 184. The Court looked to the language of the warranty deed at the time of conveyance and held that the deed did not create a joint tenancy because it did not contain language explicitly indicating Nelson and Vera were joint tenants and the language "with sole ownership to survivor" was added by Nelson after the deed had been signed by the grantors and delivered. *Id*. at 56-57, 524 P.2d at 184-185. The Court rejected the argument that it should look to the intent of the parties to overcome the form of the deed for two reasons. First, there was no authority presented that concurrent owners can, "by informal

5

expression of their intent . . . adopt the joint tenancy form of ownership for real property, notwithstanding the fact that there was no declaration in the instrument of conveyance of the joint tenancy interest." *Id*. at 56, 524 P.2d at 184. Second, the Court noted that, because the statute disfavored joint tenancies and required formality in their creation, "the mere informal expression of intent or desire to hold real property in joint tenancy is not sufficient to create such an estate in land . . . absent explicit language in the instrument of conveyance." *Id*. at 56-57, 524 P.2d at 184-85. Thus, the Court looked to the statutes, not the common law of the four unities, for the analysis that governs the creation of a joint tenancy.

By enacting I.C. §§ 55-508 and 55-104, the legislature made clear its desire to change the common law presumption of joint tenancy to a presumption of tenancy in common. It also made clear that in order to create a joint tenancy, the desire or intent to do so must be clearly set forth in the deed. The Estate has pointed to no authority that would allow this Court to ignore the relevant statutes in favor of the common law, and we decline to do so. We hold that the creation of a joint tenancy is governed by the relevant statues and language of the deed, not the common law concept of the four unities. Consequently, this Court will apply the statutory analysis, and not the concept of the four unities, to determine whether the quitclaim deed in this case conveyed a joint tenancy or a tenancy in common.

The quitclaim deed states:

Kirsten Anderson, an unmarried woman
do hereby convey, release, remise and forever quit claim unto
Kirsten Anderson, an unmarried woman and Daniel Goffman, an unmarried man
as joint tenants.

In applying the statutory language of I.C. §§ 55-508 and 55-104, the presumption is that a tenancy in common is created "unless expressly declared in the grant or devise to be otherwise." Here, the quitclaim deed expressly declared the grant to be other than a tenancy in common by including the language "joint tenants." Thus, at its creation, the quitclaim deed created a joint tenancy between Anderson and Goffman. As a result, the district court did not err in holding that the quitclaim deed from Anderson to Anderson and Goffman created a joint tenancy.

The Estate also argues that because the quitclaim deed did not contain the words "with right of survivorship," the quitclaim deed did not create a right of survivorship. Anderson argues that right of survivorship language did not need to be set forth in the quitclaim deed because it is automatic as a "distinguishing incident" of a joint tenancy under *Ogilvie*, and the term "joint

tenants" was already included in the quitclaim deed. As a result, the language "right of survivorship" is not required to create a joint tenancy under I.C. § 55-508 if the term "joint tenant" is already contained in the deed. Anderson also argues that the Estate waived its argument regarding the right of survivorship language because the Estate fails to cite any supporting authority.

The district court noted that there are only two types of tenancy, tenancies in common and joint tenancies, and then held that by using the language "joint tenants" the parties created a joint tenancy, the distinguishing feature of which is the right of survivorship. The district court held that including the language "with right of survivorship" was redundant because the term "joint tenant" necessarily included the right of survivorship.

> As noted in *Craft*:

> The common law characterized each joint tenant as possessing the entire estate, rather than a fractional share: "[J]oint-tenants have one and the same interest . . . held by one and the same undivided possession." 2 W. Blackstone, Commentaries on the Laws of England 180 (1766). Joint tenants possess many of the rights enjoyed by tenants in common: the right to use, to exclude, and to enjoy a share of the property's income. The main difference between a joint tenancy and a tenancy in common is that a joint tenant also has a right of automatic inheritance known as "survivorship."

*Craft*, 525 U.S. at 280. Similarly, in *Ogilvie*, the Idaho Supreme Court noted that, "A distinguishing incident of joint tenancy is the right of survivorship, whereby the death of one joint tenant terminates the joint tenancy and vests complete title in the surviving joint tenant." *Ogilvie*, 99 Idaho at 366, 582 P.2d at 220.

The language "with a right of survivorship" is not required to create a joint tenancy because that language is inherent, or put another way, necessarily included, in the term "joint tenancy." Moreover, the Estate fails to cite any authority in support of its assertion that the "with a right of survivorship" language is required under Idaho law to create a joint tenancy; the failure to cite authority precludes review of the Estate's claim on appeal. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (finding that a party waives an issue on appeal if either argument or authority is lacking). The district court did not err in holding that the term "joint tenants" necessarily includes with right of survivorship and that it was unnecessary to include the phrase "with right of survivorship" to create a joint tenancy where the deed already contained the term "joint tenants."

7

Next, the Estate argues that because Goffman did not sign, acknowledge, or record the quitclaim deed, and he was not listed in the grantee's name and address in the quitclaim deed, he could not have devised his interest in the real property to Anderson. The Estate also argues that because Anderson acquired nothing from the quitclaim deed as she already had title to the property, the quitclaim deed was invalid, similar to the theory that one may not have an easement in one's own land. Anderson responds that Goffman's signature and intent are irrelevant because Idaho law only requires that a quitclaim deed be signed by the grantor. Additionally, Anderson argues the Estate failed to provide authority in support of its proposition that Goffman was required to sign the quitclaim deed.

Idaho Code § 55-601 states that, "a conveyance of an estate in real property may be made by an instrument in writing, subscribed by the party disposing of the same," and "[t]he name of the grantee and his complete mailing address must appear on such instrument." The quitclaim deed in this case met those requirements. Goffman was listed as a grantee and the address of the property was included on the deed. There is nothing in the statute that requires the grantee's signature or acknowledgment, and the Estate fails to cite any authority in support of its claim that Goffman was required to sign the quitclaim deed. Because the deed met the statutory requirements, the district court did not err in concluding the deed's validity was not dependent upon Goffman's signature thereon.

We also reject the Estate's argument that, like an easement granted to oneself, the quitclaim deed was unenforceable because Anderson acquired nothing from the quitclaim deed as she already had title to the real property. The authority relied upon by the Estate not only is from Illinois and, therefore, not controlling, but the holding was subsequently overruled by statutory enactment, effective 1953, to permit a grantor to convey property to himself without the use of a strawman. *In re Est. of Aryeh*, 190 N.E.3d 886, 899 (Ill. App. Ct. 2021). More importantly, the Estate has cited no Idaho law or provided other authority or argument that would prevent Anderson from transferring her interest to another person and herself as joint tenants. As such, any argument is waived for purposes of appeal. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Next, the Estate argues that because Anderson's original complaint stated that the parties agreed the real property was owned as tenants in common, the inquiry should end at that point. This argument is easily disposed of because "[t]he general rule is that 'the amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *McCreery v. King*,

8

172 Idaho 598, 606, 535 P.3d 574, 582 (2023) (quoting *Hammer v. Ribi*, 162 Idaho 570, 573, 401 P.3d 148, 151 (2017). In this case, although the original complaint stated that the parties were tenants in common, Anderson's amended complaint included a claim for quiet title, arguing that the parties were joint tenants. Further, the Estate stipulated to Anderson amending her complaint. Finally, at oral argument, the Estate argued that Anderson's original complaint was a judicial admission; however, the Estate never mentioned this argument in its opening brief or supported it with argument or citation to authority; therefore, the argument is waived. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

## IV.

## CONCLUSION

The district court did not err in holding that the creation of a joint tenancy is governed by the relevant statutes and language of the deed, not the common law concept of the four unities. The district court did not err in holding that the term "joint tenants" includes the right of survivorship and that it was unnecessary to include the phrase "with right of survivorship" in order to create a joint tenancy where the deed itself contained the term "joint tenants." Further, nothing under Idaho law prevented Anderson from transferring her interest to another person and herself as joint tenants. Thus, the district court did not err in holding that the quitclaim deed from Anderson to Anderson and Goffman created a joint tenancy. The district court's order granting Anderson's motion for partial summary judgment is affirmed. Neither party requested attorney fees on appeal. Costs are awarded to Anderson as the prevailing party.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.